My name is John Van Geffen, representing Sky-Med, doing business as Pacific International Skydiving Center. I'm here today to discuss the six arguments made in our brief. I would like to hold on to two minutes for rebuttal at the end. Pacific is a skydiving facility based in Enduringham, Hawaii, which is next to the ocean and 4,000 foot mountains, creating unexpected weather patterns that can change in five to seven minutes, as the FAA's witness testified. Turning to our first argument regarding the subject matter jurisdiction, the FAA issued two proposed notices of civil penalty, each under $50,000, and then combined them in a final notice for $55,000, which was ultimately filed as the complaint before the Department of Transportation Office of Hearings. Our argument is that under 49 U.S.C. 46301 and 14 C.F.R. 1316, the U.S. District Court has exclusive jurisdiction of any FAA civil penalty initiated if the amount in controversy exceeds $50,000. The FAA argued in their brief that the term initiated should be considered as the issuance of the proposed notice of civil penalty. The problem there is that the term initiated, when considered in context with amount in controversy, is unknown. The proposed notice of civil penalty is an informal procedure. The amount can be changed at the final notice. It can be increased. It can be decreased. Rarely has it ever been increased, but it could be. So the fact is that the Respondent has no notice as to what the amount of controversy is until the final notice is issued. In this case, the final notice was for $55,000, which we believe exceeds the DOT's jurisdiction in this case. We believe that this is supported by the fact that, again, 14 C.F.R. 1316 is informal, so the amount can change. 1316G talks about the FAA being able to modify the amount at any time up until the final notice is issued. 1316 does not prohibit the FAA from increasing or decreasing. So, again, the amount in controversy is not known. 1316J, discussing appeal, says that the Administrator cannot assess a civil penalty greater than the amount sought in the complaint. It does not discuss the proposed notice of civil penalty. It does not talk about the final notice. The Administrator itself's regulation says that the complaint amount is the amount in controversy. So if they had proceeded with two separate cases, one for $22,000 and one for $33,000, as a practical matter, would it have been different for your client? If the items had been — if there had been a motion to combine that was granted by the ALJ — Well, let's say it wasn't even. So, like, say it's just two cases seeking those amounts. Is there some difference in, like — I think there was something in the briefs about interrogatories and the number of interrogatories. Like, if it proceeded as two cases compared to the one case, is there any practical difference of how you would have litigated it or what would have happened or anything that matters in terms of the, like, practical way to approach it? Yes, Your Honor. While Federal rules of civil procedure are not binding on these actions, they are followed. And in this case, the Respondent would have been entitled to twice the many interrogatories, twice as many discovery requests. They would have been able to do more. And build the case stronger. Additionally, if the case had been brought before the U.S. District Court, we would have had the right to an Article III judge. We would have had the right to — But if they had had — I mean, it sounds like your answer is you would have been — you were better off because they were combined in that sense. They would have had more interrogatories if it had been divided than if they weren't divided. They would have had a stronger case with it divided than combined. Is that what you're saying? Respondent would have had the ability to propose — or propound more discovery. Interrogatory, as you're saying. Correct. You would have had more. Correct, Your Honor. So you would have had interrogatories of the agency? Or — To the agency regarding their investigators, their witnesses. We would have had more ability to develop our case in the defense. And had it been brought before the U.S. District Court following Federal rules of civil procedure, we would have also had a right to a jury. A lot of the items of hearsay would have been kept out by FRCP. That was not kept out by the administrative rules. Right. So I understand how it might be different if you're in district court. But I was just wondering, before the agency, if we just keep you before the agency, what the difference is between two cases before the agency and one case before the agency? It would have been two separate actions. They would have been handled separately. It would not have had a large effect, Your Honor. But if the — this Court were to accept the FAA's interpretation that initiated is with the proposed notice and not with the situation where the FAA is free to initiate a hundred proposed notices and then combine them to completely ignore statutory and congressional intent of having a limit in place, in theory they could also have a proposed penalty of $49,000 and then wait until the final notice comes out and then raise it to $500,000 and escape that jurisdictional requirement. So I believe the regulations don't interpret the statute correctly from the FAA's point. In short, if claims can be aggregated to meet statutory minimums, they can be aggregated to exceed them. Turning to the second item about Pacific not being liable for independent through a cloud. Parachute operations is defined in 105.3, which says it can include but is not limited to, and then goes on to talk about the pilot, the tandem instructor, the videographer, the parachute rigger, all these people, but we don't know who is liable for what. So you don't want us to reach this argument, though, right? Because if you win on your first argument, we don't have anything on the merits to review? If there was an opinion that you would have found that way, that'd be great. But yes, if the — You wouldn't be able to do that, right? If this was a proceeding without jurisdiction, we can. That is correct. If the ALJ lacked jurisdiction, they could not come to any determinations on the merits, and it would have been dropped. And at this point, it's beyond the time that the FAA could bring the case back. So it can't be brought in district court at this point? Correct. And regarding the parachute operations, the definition, in this situation, the FAA's own investigator testified that the pilot, once the aircraft took off, was in operational control of that aircraft. Pacific had delegated and released any responsibility for safe operations of that aircraft once the pilot took over. The pilot is independently certified, qualified, and is liable under the FARs. The parachute, the master jumper is also independently qualified, certified, has his He makes the decision once the door is open, looking straight down whether or not a parachute drop can be conducted safely, not going through the clouds. The testimony at the hearing is that from the ground, it is impossible to determine whether an operation is safe. They're jumping from three miles up. You can't see them. Weather changes, clouds are at different levels, moving at different speeds. There's no way to know. That responsibility is delegated to the independent contractors. There's nothing in the regulations saying that the drop zone is prohibited from delegating. And in this situation, it's a question of does the principal control the means or the results? The results, safe skydive operation. The means are operating the aircraft, which only the pilot had control of, and making the determination whether it was safe to jump, which only the parachute, the master jumper, makes when they open that door. Pacific was determined to have control because they had a radio, but the only thing that the ground conditions are. Can the pilot overrule the master jumper? The pilot makes the decision whether to open the door. So once the door is open, can the pilot say don't jump? Yes. The pilot could absolutely do that. He's in operational control. He has all reliability for safety. Turning to the third item regarding 105.17 being unconstitutionally vague, overbroad, and ambiguous. Again, discussing that the definition of parachute operation includes so many people, but it fails to define under what situations which person would be liable. It doesn't say that a drop zone operator can't delegate duties. It doesn't say when a drop zone operator is strictly liable for the pilot, even though the pilot is in operational control of the aircraft himself. As written under the regulation, under the same set of facts, the FAA could have instead gone after the parachute rigger, who may have packed the chute a week earlier and wasn't there. They could have gone after the fuel truck operator that filled the aircraft. They could even go after me as the attorney because I am supporting a skydiving operation. It's vague. There's no way for a respondent to know when they are going to be the target. And as a result, it's left up to the conjecture and whim of whichever FAA attorneys handed the case to decide, are they going to go after the videographer? Are they going to go after the pilot? Are they going to go after the jumper? There's no way for a respondent to know. The lawyer. Excuse me? Or the lawyer. Or the lawyer. Absolutely. That's always an attractive option. And that kind of dovetails into the next argument, is that 14 CFR 105, the definition of parachute operation shouldn't apply to Pacific as a drop zone operator because Pacific did not authorize, permit, participate in a parachute operation through a cloud. They prohibit it. They put signage in the aircraft warning against it. They hold staff meetings telling the independent contractors that they will be terminated if it's determined that they've jumped through a cloud. So... Didn't you have a post on your website that said the coolest part was falling through the cloud? That's another reason why if we had FRCP, that hearsay would have been kept out because a review from YouTube or Hotline or wherever it was posted, we don't know who posted it. We don't know what they were talking about. Again, they could be saying there was a cloud here, there was a cloud here. I looked up. It was awesome. Then I looked down. I was closer. We don't know. We don't know who that was. We couldn't interview them. It wasn't posted on Pacific's website? It was. Pacific, I don't know if they read it. I don't know if it's automatically generated based on reviews. But again, just the quote itself, you don't know if that person jumped through a cloud, jumped around a cloud, jumped near a cloud. Again, where these operations take place, there's clouds at multiple levels moving at different distances. Anyone that's jumping is going to have a great time and they're going to be exhilarated. So I don't know what the purpose of their quote was. And Pacific's decision to have that on their website, I don't know that they even read it. They just saw a five-star review and said, awesome, let's post this. Could I go back to the question I was asking earlier about the number of interrogatories and things? So you're saying that if it had been two cases before the agency, you would have had more opportunity for discovery. So were you limited to the amount of discovery for one case the way this did proceed? In this action, a second set of discovery was sent that the FAA objected to as to the litigation decision not to proceed on a motion to compel to get that additional items. I can't speak to why the reasoning for that was. I think it was just a decision that there are other items that needed to be addressed beforehand. But yes, the FAA denied additional interrogatories based on it only being one action instead of two. And so you maxed out the amount of interrogatories for one action. You would have done more, is basically your point. Correct, Your Honor. Did you propound to additional interrogatories and then there was an objection? Correct. There was an objection to a second set of discovery based on it being one action and not two. But no motion to compel. There was no ruling on whether you could get more discovery. That is correct, Your Honor. The FAA relied in their brief on cases Finner and Gatewood regarding applying operational control to someone that wasn't operating an aircraft. But those are highly distinguishable because in Finner, it's a case where an aircraft owner gave the aircraft to a third party. That third party operated careless and reckless. And then the owner refused to tell the FAA who it was, leaving the FAA with no option but to smoke out the pilot by going after the owner. So those cases I don't really think are applicable. Turning to the appropriateness of sanction, the burden on justifying a penalty amount falls on the agency. The administrative law judge made credibility and fact determinations finding that the FAA failed to provide any testimony as to how they came to the determination. The administrator in overturning the ALLJ cites to the closing argument of the FAA's attorney, which is not evidence. The only evidence was the sanction guidance table, which is guidance, it's not binding, and there's no explanation of how it was used. We believe that the agency did not provide an articulate reason or rationale for overturning the ALLJ, who heard all the mitigating facts, who heard all the argument. Turning to the last item. You had wanted to save some time for a rebuttal. Do you want to do that? I do, but I think it's important to hit on the last item, Your Honor. That's the applicability of 9113, careless or reckless, to a 105 parachute operation. Section 91 governs pilot operations of an aircraft. It was determined by the administrative law judge that no evidence exists that the aircraft was operated in a careless or reckless manner. Nonetheless, the FAA is saying that we're still going to apply it as a derivative finding against the drop zone operator. Operational control was with the pilot. So, finding that a pilot acted careless and reckless when the facts are there was no evidence of careless or reckless, and then applying that to a third-party drop zone just violates the standards of fairness and propriety. It really makes no sense, and that is my time. Thank you, counsel. Thank you. Good morning, and may it please the Court, Brett Weingold on behalf of the FAA. Your Honor, this case is about two separate civil penalty enforcement actions initiated by the FAA against the petitioner who does business as Pacific Skydiving Center. The FAA had jurisdiction over each enforcement action when the actions were initiated, and continue to have jurisdiction when the cases were, for administrative efficiency, consolidated for a single hearing. So, Mr. Weingold, let me interrupt you right from the get-go here. So, the first notice that you sent to the SkyMed was on March 27th, noticing violations on December 8th of 13 and January 5th. That's correct, Your Honor. And the second batch was issued on October 30 for March 22nd and March 25th. Yes, Your Honor. So, when you sent the initial on March 27th, all four violations were known to your client? Correct? Yes, Your Honor. However, when there is a violation, we have inspectors who have to go out and investigate that violation, who have to collect evidence. Once they determine that they believe that they should proceed with a legal enforcement action as opposed to something more informal, they forward that evidence to the FAA legal office. So, at the time that the notice that proposed civil penalty on March 27th was sent out, that first case had been with FAA legal for some time and they had prepared the notice to go out. The second case, the second set of violations which had just occurred were still being investigated. And as you can see, because the notice was issued a number of months later in October, it took some time for that to proceed through the FAA's investigation and then preparing the legal document to be issued. So, to address some of the arguments that were raised by a petitioner today has argued that the final notice determines the amount in controversy. Now, let's note that this is a new argument. Could I? I know it's important, but I want to make sure that I got a chance to ask this question. I'm not sure there's any jurisdiction. So, could we skip to that? Sure. This process of having administrative rule, we always run into these problems because we don't have administrative judges as a civil law jurisdiction does. And so, Congress created this fuzzy area of administrators which are outside of an independent court system. And then we have some review, but somewhat not. So, they developed this in 1987, is that right? And then they what is the limit? Could you get a million dollar fine, a two million dollar fine? There was a committee, a legislative committee that reported to the Congress. It was the Senate Committee on Commerce, Science, and Transportation reported to Congress that the limit should be a And so, that was before the Congress. The Congress didn't move on it, which indicates that they were wary that there should be a separate Article III judges at certain points. So, I'm a little concerned now that with the interpretation you give that you do these where you'd get well over a million dollars and still not take it to the Article III judge. I think we have to face the issue of whether the FAA system is in violation of separation of powers and taking away the responsibility from an Article III judge who has no, has, there's no power in the administration to correct what the decisions that he or she makes. Could you respond to that? I know that's a little general, but it strikes me that we need to think about maybe the line should be drawn here on the issue and that there is no jurisdiction, no jurisdiction, for this effort to have the FAA be the judge and the prosecutor. Well, Your Honor, the jurisdictional amount does actually vary based on if it's a small business or a large business. Against large businesses, we can actually proceed for up to $400,000 and, in fact, in hazardous... But it's uncontested here that the limit is $50,000, right? Absolutely. The point I'm trying to make essentially is that Congress, when they were setting out, they did assign certain values. And the values that Congress set is in the statute 46301, which says that if we initiate a case where the amount in controversy is greater than $50,000 against a small business, jurisdiction is with the district court. But again, the term initiate was not defined by Congress. And it is important to the statute, not only for the amount in controversy, but also the statute of limitations. Another section of 46301 requires the FAA to initiate their cases within two years of a violation. So that term is important, but it's undefined. The term is fairly well determined in other areas, though, on what initiation should mean. Has that been decided by an appellate court of what that term means in this statutory outline? Well, Your Honor, I believe we did cite in our brief a few cases that touched on the issue of initiation, but the FAA promulgated regulations that explicitly spell out what it means, and that's by issuing a notice of proposed civil penalty. And I know that the argument that was made today by petitioners that this is some sort of informal document. That is not the case. But you agree here that your argument is that you could compound as many as you wanted to and put them into one case, indeed could go over a million dollars, which the Congress has already rejected in effect because it was proposed and they never acted on it. It seems to me that your argument overlooks that part of the statutory background. Well, Your Honor, it would be unusual indeed. I mean, there was never an argument in this case factually that the FAA in some way, nefariously divided cases and then was going to recombine them to avoid a jurisdictional limitation. And I believe that the statute speaks clearly the FAA can initiate cases properly before itself if they're under $50,000. The fact that we could have had a hearing on Monday in case number one in this case and then on Tuesday had the hearing in case number two properly had we left them separate, I think speaks to the fact that Congress was not attempting to prevent the FAA from consolidating cases that are properly separately initiated. Under your interpretation, yes. What strikes me is that you have both the prosecutor and the judge in the same organization. You have no differentiation. And maybe at the time a few years ago, with a small business, you could do that. It's only going to be $50,000. But obviously, with the position that you've taken, it could be vastly more than that. Wouldn't that strike you as being somewhat in tension with the history we have in this area? Well, Your Honor, I think that in the unusual case where we had numerous violations by the same alleged violator, and they were separate investigations that were occurring months apart, and they ended up being consolidated, I think that would be in tension with what the statute is providing, the authority it's providing to the FAA. Well, it would certainly push back against your interpretation that you can add on as many as you want to add on. If that's your interpretation, it could be. It would overrule what Congress has already told us, that they don't want to go to a million dollars. Correct. More than $50,000. Correct. In one action that is properly initiated, Your Honor. But that's not the case in front of us. The FAA... I mean, the administrative complaint that started the actual proceeding before the ALJ was for $55,000, right? That is correct, Your Honor. So, I mean, I understand your point about initiation of essentially a prosecution. But usually when we're thinking of jurisdiction in courts, don't we think about the complaint? And I'm having a little trouble why we wouldn't look at the fact that the actual proceeding, where we have to ask, should it be before the ALJ or should it be before the district court, the complaint that started that part of the proceeding was for more than the ALJ is allowed to decide. Well, Your Honor, the complaint in an FAA enforcement action is only filed when a respondent, we call them, requests a hearing. So in many FAA cases, that actually does not occur. But this whole issue of whether it should be the district court or the ALJ only happens if you're having a hearing, right? No, Your Honor. So the FAA, when they initiate a case, now we do it if it's under $50,000, we issue our notice of proposed civil penalty, which, you know, has the allegations of fact, violations of law, and the amount in controversy. If it's greater than $50,000, the FAA does not issue a notice of proposed civil penalty. We actually send the person a letter indicating that, you know, it's $100,000. We're willing to compromise that amount. But if they don't want to do that, we actually have to refer that case to the Department of Justice for them to file the complaint in district court. So they're very different processes. The FAA's notice procedure, which initiates the case when we issue that notice, notice is the initiating document, the document that begins the case. You know, I think it's putting form over substance to say, well, it's got to be the complaint in front of the DOT, ALJ. It's actually our notice that begins it. Let's talk, oh, sorry, go ahead. Well, just on that point. So on the events of December 8th and January 5th from the first notice, the SkyMed was only punished per day, not per jump, right? So if there were 10 jumps through the clouds that they proved on December 8th, and four jumps on January 5th, that's not 14 violations, right? I believe it was actually two jumps, Your Honor. Well, but my point is they were fined per day, not per jump. No, I believe that it was two alleged actual jumps through clouds. So for the first case, not per day, just you did two jumps through clouds. And the second case involved eight jumps. So the potential. Six jumps, I apologize, the second case. So they were punished per jump. Per jump, Your Honor, per violation of the regulations. And I do want to stress that the notice is a legal document that sets out that, you know, we are required to issue to provide a notice and the opportunity for a hearing. It is not informal. You know, I would liken this. Can I go back to your answer, though, about what happens about when you refer things to the U.S. Attorney? So if you start an initial, what you call an initiation and you're asking for $100,000, say, but then as you're investigating, you lower it to $30,000. Does it need to go to the U.S. Attorney and to district court? So, Your Honor, if the FAA was investigating and determined that $30,000 was the appropriate civil penalty and we had not taken any, you know, legal action, enforcement action at that point. Well, I thought your initiation was the initial notice. So you have taken some action. You've given an initial notice of $100,000, say. No, we do not issue a notice of proposed civil penalty if it's greater than $50,000. That is only in cases where it's $50,000 or less, Your Honor. When it's greater than $50,000, we send them basically just a letter indicating that we're willing to compromise the amount. But we can't begin that action because, as Your Honors have noted, it's outside the FAA's jurisdiction. I see. So if you send a letter that says you want $100,000, what happens if you do compromise on $20,000? Who is handling that at that point? Is it the U.S. Attorney handling that negotiation? It would still have to be, if it had, if the, only if the party agrees essentially to compromise with the FAA, we can then essentially accept their payment and the amount, and the, as the end of the matter. But, you know, if any further proceeding takes place, it's got to be with the U.S. Attorney. And I would liken this, you know, this amount in controversy is similar to sort of, to diversity jurisdiction. You know, when you, when a case is removed and the amount in controversy has to be $75,000, but if something changes that amount in controversy and it drops below the $75,000, that typically does not oust the district court of jurisdiction. And that's similar to what's happened here, Your Honor, where the FAA... But usually if there are claims, I think, between the same parties, multiple claims, you add them up to get to the $75,000. You don't say we look at each claim separately, which is kind of what you want us to do here. Well, Your Honor, what we want you to do here is look at when the case began, what was the amount in controversy. Because in the FAA, there's no dispute had jurisdiction over each of these separate civil penalty actions when the cases began. They could not have been brought in district court. They had to be brought before the FAA. And the fact that we later combined them for a hearing did not oust the FAA of jurisdiction because we combined them for a hearing. So if you had 10 or 20 or 30, the same principle would apply. Could we go up to a million dollars under your theory as long as you keep them separate? Your Honor, if there was a circumstance where there was a single Respondent who somehow was committing these violations seratam and we were doing investigations quickly and moving them for legal enforcement actions... That's what we think about jurisdiction actions. I understand. Then, yes, I think that that would be appropriate if they were all properly initiated by the FAA as separate enforcement actions. Now, I think that they might have a good argument that, well, why aren't you bringing, you know, these are cases that should be brought together, but that's not the argument that has not ever been argued in this case. Instead, in this case, it's undisputed the FAA had jurisdiction when they began, and we didn't oust ourselves of it by combining these cases. Well, in jurisdiction issues, we have to sort of say, where does this go on the next case? And I think the point is made by all of us that we have a concern about that, that the Administrator, as the Prosecutor and the Judge, could do something that Congress really doesn't want them to do. We know from the legislative history that they have rejected a million dollars, but you have to find legislative history that allows you to do more than what is there with a single one. And can you tell us, are there other administrative agencies that have a similar power that you do? I haven't done that research, but it would seem to me that might be helpful. Do you have any idea on that? Your Honor, I don't have any specific examples. I mean, I will say with regard to us interpreting the statute here, and even, you know, we do receive deference on our interpretation of the statutory language here, even if that interpretation could play into jurisdiction. Yeah. I've heard, for example, that there's certain, in the immigration area, a certain case has to go right directly to the Court of the Federal District, the Federal Court in Washington, D.C., our unique court in Washington, D.C. And I wondered whether there are any others that you're aware of. I'm not aware of any at this time, Your Honor. Okay. So say that we are hypothetically not convinced that there's jurisdiction here. It seems like we could decide that the lack of jurisdiction arises from the fact that the final notice was for more than $50,000 or that the administrative complaint was for more than $50,000. I know that you don't want us to do either one of those, but say we're going to do one of those. Is there one that would be more administrable for the agency or easier to manage if the rule is going to be going forward that you need to be less than $50,000 to stay before an ALJ, say, either at the final notice stage or the complaint stage? Well, Your Honor, either one would certainly be problematic, but I suppose that the complaint stage would make more sense. Typically, the final notice in the FAA, actually, our staff manual, Order 2153B, suggests we wait until after the complaint is filed to combine cases. Although, if this court rules that we don't have jurisdiction any time the amount goes over $50,000, that would obviously impact our ability to essentially ever combine cases simply for the argument the amount of controversy is not fixed until the final notice. That is a new argument that was raised by petition in their reply brief. Much like my, you know, as I said in my argument regarding diversity jurisdiction, once we've initiated the case, the fact the amount of controversy could potentially change doesn't oust us of jurisdiction. If there are no more questions, we request the petition. Counsel, we've happened to you, I'm sure, with things that you didn't think through, you've done a fine job on your feet answering them, and we appreciate it. There's just issues we have to deal with that may not have been in the briefs, and we appreciate your willingness, and you did a good job. I certainly understand. Thank you, Your Honor. Thank you, both sides, for the helpful arguments. The case is submitted, and we're adjourned for the day.
judges: Wallace, Friedland, Hillman